[54 NYS3d 152]

In the Matter of YEHUDA DAVID TALLER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 21, 2017

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the petitioner) served the respondent with a petition dated May 4, 2016, containing two charges of professional misconduct. After a preliminary conference held on July 12, 2016, and a hearing conducted on September 8, 2016, the Special Referee sustained all charges in a report dated December 5, 2016. The petitioner now moves to confirm the Special Referee's report, and to impose such discipline as this Court deems just and proper. Although the respondent's counsel was served with a copy of the motion, no papers have been submitted in response on behalf of the respondent, nor has he requested additional time in which to do so.

## The Petition

Charge one alleges that the respondent misappropriated funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:

The respondent maintained an escrow account at Bank of America, account No. ending 6578, entitled "New York State IOLA Trust Accounts, Taller and Wizman, P.C. Attorneys' IOLA Account" (hereinafter the escrow account).

On April 12, 2012, the respondent was required to hold $42,435.35 as a fiduciary on behalf of Valeria Bardanova in his escrow account. Prior to any disbursement to Ms. Bardanova, on May 14, 2012, the balance in the respondent's escrow account was reduced to $25,569.66. On May 17, 2012, the respondent issued check No. 12342 from his escrow account to Ms. Bardanova in the amount of $42,435.35, which represented her settlement proceeds. Prior to check No. 12342 being presented for payment, the balance in the respondent's escrow account

fell to $9,072.66 on May 21, 2012. When check No. 12342 was presented for payment on May 31, 2012, an overdraft in the amount of -$33,362.69 occurred.

Charge two alleges that the respondent failed to maintain the required bookkeeping records for his escrow account, in violation of rule 1.15 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent failed to maintain records of all deposits and withdrawals from the escrow account, showing the date, source, and description of each item deposited, and the date, payee, and purpose of each withdrawal or disbursement. The respondent failed to maintain a contemporaneous ledger book or similar record for the escrow account, showing the source of all funds deposited into it, the names of all persons for whom these funds were held, the description and amounts of these funds, and the names of all persons to whom these funds were disbursed.

In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained all charges. Accordingly, the petitioner's motion to confirm the findings of the Special Referee is granted.

The hearing evidence revealed that the deficiency in the respondent's escrow account was the product of his failure to maintain contemporaneous records as required by rule 1.15 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0), and to reconcile his account. The respondent was the managing partner in his firm, and was a signatory on the escrow account. By 2008, the respondent's firm, which principally handled plaintiffs' personal injury matters, had 25 employees, including four or five associates, and over 1,000 active client files. In describing the firm's general practice regarding settlement funds, the respondent testified that he would wait until there were several checks before making a trip to the bank to deposit the checks into the escrow account. Thereafter, the respondent calculated the fees and disbursements, and issued all checks, including the appropriate check to the client. The respondent did not maintain a contemporaneous general ledger as required, or keep a running balance in the check register. In essence, he believed that if he wrote all the appropriate checks, he would never have a problem and didn't need to keep a "running tally."

After the respondent's escrow check to Ms. Bardanova was dishonored, he discovered that there was a deficiency in the escrow account, which required him to deposit personal funds in the sum of $150,000 to cover payments to clients. He

undertook a review of the escrow account to determine the root cause of the account deficiency, and prepared an Excel spreadsheet for the period January 2, 2008, through September 28, 2012. He discovered that one error occurred at a time when he was hospitalized in January 2008, when he made two fee transfers, totaling $60,000, by telephone, to the firm's operating account. Upon his return to the office, some six to eight weeks later, he failed to account for the telephone transfers. His review discovered additional errors, which previously went undetected by the respondent, and revealed that two settlement checks were deposited into the escrow account, which were later returned and charged back to the escrow account. The respondent's bank records confirm that the two settlement checks that were charged back to the account totaled $19,500. Inasmuch as the respondent did not reconcile his account, and in view of the high volume of funds that flowed through the escrow account, these errors were not revealed until the dishonored check that initiated the grievance investigation occurred. The respondent candidly admitted that these proceedings were the result of his own failure to comply with the rules.

In mitigation, the respondent immediately deposited funds to cover the account deficiency after the dishonored check occurred and demonstrated that he instituted remedial bank and bookkeeping practices, including the maintenance of a general ledger system. The respondent has also expressed remorse and offered evidence in support of his character. Notwithstanding the aforementioned mitigating factors, it cannot be said that the misconduct was isolated. Instead, the record demonstrates that the respondent failed to abide by the rules governing the maintenance of attorney accounts for an extended period. Further, while the respondent has detected three errors, which contributed to the escrow account deficiency, it is noted that those errors do not fully explain the shortage in the escrow account. We have also considered as an aggravating factor the respondent's disciplinary history, which includes two prior letters of caution.

Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of one year (*see Matter of Adelsberg*, 149 AD3d 213 [2017]; *Matter of Schneider*, 143 AD3d 58 [2016]).

ENG, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Yehuda David Taller, is suspended from the practice of law for a period of one year, commencing July 21, 2017, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than April 23, 2018. In such application (*see* 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (a), and (4) otherwise properly conducted himself; and it is further,

Ordered that the respondent, Yehuda David Taller, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Yehuda David Taller, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Yehuda David Taller, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).