Matter of Polanco (2018 NY Slip Op 03685)





Matter of Polanco


2018 NY Slip Op 03685


Decided on May 23, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
RUTH C. BALKIN
JOHN M. LEVENTHAL
HECTOR D. LASALLE, JJ.


2017-07146 

[*1]In the Matter of Jose A. Polanco, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Jose A. Polanco, respondent. (Attorney Registration No. 3052818)



JOINT MOTION pursuant to 22 NYCRR 1240.8(a)(5) by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, and the respondent, Jose A. Polanco, for discipline by consent. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on May 22, 2000.



Diana Maxfield Kearse, Brooklyn, NY (Sharon Gursen Ades of counsel), for petitioner.
Richard E. Grayson, White Plains, NY, for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a notice of petition dated July 13, 2017, and a petition dated July 7, 2017, containing four charges of professional misconduct. The respondent filed an answer dated August 24, 2017. The Grievance Committee and the respondent now jointly move pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent, and request the imposition of a one-year suspension. As provided for in 22 NYCRR 1240.8(a)(5)(i), the parties have submitted a joint affirmation dated December 7, 2017, in support of the motion. By virtue of the stipulation presented with the joint affirmation, the parties have agreed that the following factual specifications are not in dispute:
The respondent maintained an attorney escrow account at Citibank, account no. xxxxxx6820, entitled "Law Office of Jose Polanco, P.C./ Attorney Escrow" (hereinafter the escrow account). On or about November 12, 2014, the respondent deposited the sum of $200,000 into his escrow account on behalf of his client Lourdes Mendez. On or about December 16, 2014, the respondent issued check no. 1692 in the sum of $39,839.99 from his escrow account to Queensland Enterprises in connection with the Mendez matter. Check no. 1692 was presented for payment on or about January 5, 2015, and was dishonored due to insufficient funds. Between November 12, 2014, and January 5, 2015, the respondent was required to maintain at least $39,839.99 in his escrow account on behalf of Mendez. However, by December 22, 2014, the balance in the respondent's escrow account had been depleted to negative $38,471.93.
On or about November 26, 2014, the respondent deposited the sum of $5,000 into his escrow account on behalf of his client Kathy Curry. On or about May 27, 2015, the respondent [*2]issued check no. 1840 in the sum of $5,000 from his escrow account to Curry. Check no. 1840 was presented for payment on June 24, 2015, and was dishonored due to insufficient funds. Between November 26, 2014, and June 24, 2016, the respondent was required to maintain a total of $5,000 in his escrow account on behalf of Curry. However, by December 22, 2014, the balance in the respondent's escrow account had been depleted to negative $38,471.93.
Between September 26, 2014, and July 3, 2015, the respondent deposited into and paid from his escrow account a total of $176,250, representing funds received in connection with 14 client matters. Accounting for some partial distributions, between September 26, 2014, and January 22, 2015, the respondent was required to maintain $163,250 in his escrow account in connection with those client matters. However, on multiple dates between September 26, 2014, and January 22, 2015, the balance in the respondent's escrow account fell below the $163,250 he was required to preserve. The deficit in the respondent's escrow account was maintained for approximately one month.
Between on or about February 7, 2014, and on or about March 21, 2014, the respondent deposited the sum of $412,500 into his escrow account on behalf of 12 client matters. The respondent was required to maintain said funds in his escrow account until at least April 4, 2014. While representing Trademark Equities (hereinafter Trademark), on or about April 3, 2014, the respondent issued check no. 1350 in the sum of $230,000 from his escrow account to the Law Office of Geng & Zhang as a down payment for Trademark. Check no. 1350 cleared on April 4, 2014, against funds entrusted to the respondent on behalf of the 12 clients.
As required, the respondent has submitted an affidavit with this motion in which he conditionally admits the foregoing facts, and that those facts establish that he misappropriated funds entrusted to him as a fiduciary, incident to his practice of law and, therefore, the respondent is subject to discipline by this Court based upon his violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent further consents to the agreed-upon discipline of a one-year suspension, which consent is given freely and voluntarily without coercion or duress. Lastly, the respondent states that he is fully aware of the consequences of consenting to such discipline.
In mitigation, the parties agree that the respondent did not steal or borrow money from the escrow account. While running a busy real estate practice, the respondent failed to detect that a money wire transfer had not been deposited into the escrow account before disbursing funds in that matter. He has now opened a new escrow account, and completed a continuing legal education program concerning Attorney Escrow Accounts.
The parties agree that there are aggravating factors presented, including the fact that the misconduct herein occurred over a 2-year period, involved multiple instances of misappropriation, constituting a pattern; that the respondent failed to notice the deficiencies in his account until brought to his attention during the underlying investigations; and that he has a prior disciplinary history, having received one Admonition and three Letters of Caution. As to his disciplinary record, the respondent explains that since opening his practice in 2007, he has represented more than 9,000 clients, and in view thereof, he suggests that the four private letters over the course of 10 years represents a "microscopic number."
As to the appropriate sanction, the parties contend that the one-year suspension requested is in accord with precedent from this Court under similar circumstances where the respondent demonstrated remorse and instituted remedial measures (see Matter of Taller, 152 AD3d 84; Matter of Adelsberg, 149 AD3d 213).
Based upon the foregoing, we find that the motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) should be granted, and that a one-year suspension is warranted in view of the respondent's admitted misconduct as well as the aggravating and mitigating factors presented herein.
SCHEINKMAN, P.J., MASTRO, BALKIN, LEVENTHAL and LASALLE, JJ., concur.
ORDERED that the joint motion pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent is granted; and it is further,
ORDERED that the respondent, Jose A. Polanco, is suspended from the practice of law for a period of one year, commencing June 22, 2018, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than March 22, 2019. In such [*3]application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that during the period of suspension and until further order of this Court, the respondent, Jose A. Polanco, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Jose A. Polanco, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Jose A. Polanco, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court