Matter of Costello (2019 NY Slip Op 04379)





Matter of Costello


2019 NY Slip Op 04379


Decided on June 5, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2016-07639 

[*1]In the Matter of Joseph George Costello, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Joseph George Costello, respondent. (Attorney Registration No. 1444199)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. By decision and order on motion dated December 21, 2016, the Court, on its own motion, authorized the Grievance Committee to institute and prosecute a disciplinary proceeding against the respondent. The Grievance Committee served the respondent with a verified petition dated January 10, 2017. The respondent served and filed a verified answer dated February 17, 2017. Subsequently, the parties filed a joint stipulation of disputed and undisputed facts dated May 12, 2017, pursuant to 22 NYCRR 1240.8(a)(2). By decision and order on application dated June 1, 2017, the issues raised were referred to John P. Clarke, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 25, 1959.



Diana Maxfield Kearse, Brooklyn, NY (Susan Korenberg of counsel), for petitioner.
Richard M. Maltz, New York, NY, for respondent



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the petitioner) served the respondent with a verified petition dated January 10, 2017, containing two charges of professional misconduct. Related disciplinary proceedings were commenced against the respondent's law partner (see Matter of Costello, _____ AD3d _____ [decided herewith]). On December 4, 2017, a joint pretrial conference was held, during which the respondent and his law partner, who are separately represented, agreed that there should be separate hearings for each matter. In a report dated July 25, 2018, the Special Referee sustained all of the charges against the respondent. The petitioner moves to confirm the Special Referee's report, and to impose such discipline as this Court deems just and proper. The respondent's counsel has submitted an affirmation in opposition together with a memorandum of law, in which he raises no objection to the Special Referee's findings, and requests the Court to impose a six-month suspension with the right to file a motion for reinstatement two months before the expiration of the suspension.
The Petition
Charge one alleges that the respondent misappropriated funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
At all times relevant to this petition, the respondent was a partner with his son, Joseph Richard Costello (hereinafter together the partners), in Costello & Costello, P.C., a law firm in Brooklyn (hereinafter the firm). The firm maintained an attorney escrow account at TD Bank, account number ending in x-8885, entitled "Costello & Costello, P.C. Attorney Trust Account" (hereinafter the escrow account). A second attorney escrow account was maintained by the firm at TD Bank, account number ending in x-0998. Both partners of the firm were signatories on the escrow accounts.
In or about 2011, the firm was retained to represent Michael Donahue at a real estate closing. After the closing, on or about November 3, 2011, monies totaling $680,388 were deposited into the escrow account on behalf of Donahue. Shortly thereafter, the firm issued Donahue three escrow checks in the sums of $250,000, $200,000, and $1,638.70, respectively. Two of the Donahue escrow checks were promptly presented for payment and cleared the escrow account. The check payable to Donahue for $200,000 was not presented for payment until June 19, 2012, approximately six months after it was issued. On March 12, 2012, three months prior to that check being presented for payment, the balance in the escrow account had fallen to $180,572.89. When the $200,000 check was presented for payment on June 19, 2012, the balance in the escrow account was $106,878.23.
Charge two alleges that respondent failed to maintain the required bookkeeping records for his attorney escrow accounts, in violation of rule 1.15(d) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
The respondent allegedly failed to maintain accurate records of all deposits in and withdrawals from his attorney escrow accounts, and failed to accurately record the date, source, and description of each deposited item, as well as the date, payee, and purpose of each withdrawal or disbursement.
The Hearing Evidence
During his testimony, the respondent described his record keeping practices, admitting that during the time of the events underlying this disciplinary proceeding, he did not maintain a master ledger, and did not regularly reconcile the escrow account balance using the bank statements. As matter of general practice, the respondent prepared a closing statement for each transaction as a way of determining what should be in the escrow account. The respondent testified that with the assistance of legal counsel, the firm has now developed a system to ensure that there is an accurate ledger that is reconciled monthly.
Turning to the Donahue matter, the respondent testified that at some point his son advised the respondent that there was not enough money in the escrow account to pay Donahue what he was owed, and the respondent "cut a check" from his personal funds and deposited it into the escrow account. The respondent explained that after the firm issued the $200,000 check to Donahue, and under the belief that this check had cleared, the respondent used the funds in the escrow account to pay the firm's bills. When the check for $200,000 was presented for payment on June 19, 2012, the balance in the escrow account was $106,878.23. Nevertheless, the check cleared, as there was overdraft protection on the escrow account. The respondent testified that while he and his son never were able to determine why there were insufficient funds in the escrow account, he believes the only explanation is that the money was removed for legal fees. Eventually, he learned that those funds belonged to Donahue.
Findings and Conclusion
In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained all charges. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.
In determining the appropriate measure of discipline, we find that the respondent failed to abide by the rules governing the maintenance of attorney special accounts for an extended period, by failing to maintain contemporaneous records as required by rule 1.15(d) of the Rules of Professional Conduct (22 NYCRR 1200.0) and to regularly reconcile the escrow account. As a result of his failure to comply with his fiduciary obligations, a substantial shortage occurred in the escrow account. Although the respondent restored those funds to the escrow account once his son [*2]alerted the respondent to the shortage, notably, he has not explained, nor made any serious effort to determine, the cause for the substantial shortage. In mitigation, we have considered, among other things, the respondent's replenishment of the misappropriated client funds, the remedial actions taken to institute proper bank and bookkeeping practices, his expressed remorse, and the character evidence. However, we find that the respondent's prior disciplinary history (three Letters of Caution), is an aggravating factor.
Under the totality of the circumstances, the respondent's conduct warrants his suspension from the practice of law for a period of one year (see Matter of Taller, 152 AD3d 84; Matter of Adelsberg, 149 AD3d 213).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Joseph George Costello, is suspended from the practice of law for a period of one year, commencing July 5, 2019, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than April 6, 2020. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Joseph George Costello, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Joseph George Costello, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Joseph George Costello, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court