Matter of Ozimkowski (2022 NY Slip Op 00865)





Matter of Ozimkowski


2022 NY Slip Op 00865


Decided on February 9, 2022


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
SYLVIA O. HINDS-RADIX, JJ.


2020-01839

[*1]In the Matter of Lester E. Ozimkowski, admitted as Lester Edward Ozimkowski, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Lester E. Ozimkowski, respondent. (Attorney Registration No. 2277457)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The Grievance Committee commenced a disciplinary proceeding pursuant to 22 NYCRR 1240.8 against the respondent by the service and filing of a notice of petition and a verified petition, both dated February 11, 2020. By decision and order on application of this Court dated October 1, 2020, the issues raised were referred to the Honorable Sandra L. Sgroi, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 19, 1989, under the name Lester Edward Ozimkowski.



Catherine A. Sheridan, Hauppauge, NY (Michele Filosa of counsel), for petitioner.
Long Tuminello LLP, Bay Shore, NY (Michelle Aulivola of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated February 11, 2020, containing 10 charges of professional misconduct. The respondent served and filed an answer dated April 14, 2020, and an amended answer dated May 6, 2020. By stipulation of the parties signed July 24 and July 27, 2020, the verified petition and verified answer were amended. By virtue of his amended answer, the respondent admitted the factual specifications underlying the charges and requested that the matter be referred to a Special Referee for a hearing on mitigation. After a hearing on April 22 and May 3, 2021, the Special Referee submitted a report dated June 24, 2021, in which she sustained all charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has submitted an affirmation in response, in which he does not oppose the findings of the Special Referee that sustained the charges, and requests the Court, in view of the mitigating circumstances presented, impose a public censure.
The Petition
At all relevant times herein, the respondent maintained an attorney trust account at [*2]Chase Bank, entitled "Lester E. Ozimkowski/Attorney Trust Account/IOLA," account ending in 3295 (hereinafter the trust account).
Charges one through five allege that the respondent misappropriated funds entrusted to him as a fiduciary incident to his practice of law for his own use and benefit, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
Somers Matter (Charge One)
On August 14, 2017, the respondent deposited a $30,000 settlement check into the trust account on behalf of his client, Somers Manor Nursing Home (hereinafter the Somers matter). On August 30, 2017, the respondent issued trust account check no. 126 in the sum of $23,400 payable to Somers for its share of the Somers matter settlement. Check no. 126 was presented for payment and paid on September 27, 2017. Between August 14 and September 27, 2017, the respondent was required to maintain $23,400 on behalf of the Somers matter. The trust account balance fell below the $23,400 he was required to maintain on September 5, 2017, when the balance was $22,170.92.
Schervier Matter (Charge Two)
On August 30, 2017, the respondent deposited a $1,600 settlement check into the trust account on behalf of his client, Schervier Nursing Care Center (hereinafter the Schervier matter). On December 4, 2017, the respondent issued trust account check no. 134 in the sum of $1,280 payable to Schervier Nursing Care Center for its share of the Schervier matter settlement. Check no. 134 was presented for payment and paid on December 14, 2017. Between August 30 and December 14, 2017, the respondent was required to maintain $1,280 on behalf of the Schervier matter. The trust account balance fell below the $1,280 he was required to maintain on October 20, 2017, when the balance was $737.79; on October 23, 2017, when the balance was $137.79; on October 26, 2017, when the balance was $637.79; and on November 1, 2017, when the balance was $1,087.79.
Schervier II Matter (Charge Three)
On September 18, 2017, the respondent deposited a $7,158 settlement check into the trust account on behalf of Schervier Nursing Care Center for a second matter (hereinafter the Schervier II matter). On October 31, 2017, the respondent issued trust account check no. 127 for $5,726.40 payable to Schervier Nursing Care Center for its share of the Schervier II matter settlement. Check no. 127 was presented for payment and paid on November 16, 2017. Between September 18 and November 16, 2017, the respondent was required to maintain $5,726.40 on behalf of the Schervier II matter. The trust account balance fell below the $5,726.40 he was required to maintain on October 19, 2017, when the balance was $1,737.79; on October 20, 2017, when the balance was $737.79; on October 23, 2017, when the balance was $137.79; on October 26, 2017, when the balance was $637.79; and on November 1, 2017, when the balance was $1,087.79.
Pavilion Matter (Charge Four)
On November 6, 2017, the respondent deposited a $21,300 settlement check into the trust account on behalf of his client, Schervier Pavilion Nursing Home (hereinafter the Pavilion matter). On November 11, 2017, the respondent issued trust account check no. 132 for $17,040 payable to Schervier Pavilion Nursing Home for its share of the Pavilion matter settlement. On November 22, 2017, check no. 132 was presented for payment and dishonored for insufficient funds. Between November 6 and November 22, 2017, the respondent was required to maintain $17,040 on behalf of the Pavilion matter. The trust account balance fell below the $17,040 he was required to maintain on November 21, 2017, when the balance was $14,458.81; and on November 22, 2017, when the balance was $14,242.48.
Pavilion II Matter (Charge Five)
On November 29, 2017, the respondent deposited a $14,679.83 settlement check into his trust account on behalf of a second matter involving his client, Schervier Pavilion Nursing Home (hereinafter the Pavilion II matter). On December 7, 2017, the respondent issued trust account check no. 136 for $11,743.86 payable to Schervier Pavilion Nursing Home for its share of the Pavilion II matter settlement. On December 15, 2017, check no. 136 was presented for payment and was dishonored due to insufficient funds. Between November 29 and December 15, 2017, the respondent was required to maintain $11,743.86 on behalf of the Pavilion II matter. The trust account balance fell below the $11,743.86 he was required to maintain on December 15, 2017, when the balance was $9,294.18.
Charges Six Through Ten
Charge six, as amended, alleges that the respondent commingled personal funds with [*3]funds entrusted to him as a fiduciary incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
Between in or about April 2017 and in or about February 2018, the respondent deposited, and allowed others to deposit, earned legal fees into the trust account at a time when client funds entrusted to him as a fiduciary, incident to his practice of law, were on deposit.
Charge seven, as amended, alleges that between April 2017 and in or about February 2018, the respondent made monthly cash withdrawals from the trust account, in violation of rule 1.15(e) of the Rules of Professional Conduct (22 NYCRR 1200.0).
Charge eight alleges that the respondent failed to account for funds held in the trust account, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
During the course of the investigations, the Grievance Committee requested that the respondent identify trust account transactions, including a $1,200 check deposited on September 1, 2017; a $500 cash deposit made on October 26, 2017; and a $2,000 deposit made by transfer from his personal checking account on January 10, 2018. The respondent failed to do so.
Charge nine alleges that the respondent deposited funds belonging to another person incident to his practice of law into his operating account, in violation of rule 1.15(b) of the Rules of Professional Conduct (22 NYCRR 1200.0). On or about May 22, 2017, the respondent deposited a client's gross settlement check, in the amount of $8,000, into his business operating account.
Based upon the factual specifications set forth in charges one through nine, charge ten alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
Findings and Conclusion
In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained all charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
In determining an appropriate measure of discipline, the respondent's counsel requests that the Court issue a public censure in view of the mitigation presented, including, inter alia, the inadvertent nature of the invasion of trust funds, resulting from his failure to maintain adequate bookkeeping records and his belief that the withdrawals reflected earned fees; the immediate replacement of funds to correct the trust account deficiency; the remedial measures implemented; the respondent's remorse; the respondent's cooperation with the Grievance Committee's investigation; the credible evidence of his good character; his community service and involvement; and his unblemished disciplinary record. Notwithstanding the aforementioned mitigating factors, it cannot be said that the respondent's misconduct was isolated. Here, the record demonstrates that the respondent failed to abide by the rules governing the maintenance of attorney accounts for an extended period of time.
Under the totality of the circumstances, we conclude that the respondent's conduct warrants his suspension from the practice of law for a period of one year (see Matter of Taller, 152 AD3d 84; Matter of Adelsberg, 149 AD3d 213).
LASALLE, P.J., DILLON, DUFFY, BARROS and HINDS-RADIX, JJ., concur.
ORDERED that the motion of the Grievance Committee for the Tenth Judicial District to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Lester E. Ozimkowski, admitted as Lester Edward Ozimkowski, is suspended from the practice of law for a period of one year, commencing March 11, 2022, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than December 12, 2022. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Lester E. Ozimkowski, admitted as Lester Edward Ozimkowski, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Lester E. Ozimkowski, admitted as Lester Edward Ozimkowski, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Lester E. Ozimkowski, admitted as Lester Edward Ozimkowski, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court