Matter of Taller (2023 NY Slip Op 04453)

Matter of Taller

2023 NY Slip Op 04453

Decided on August 30, 2023

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.

2020-08653

[*1]In the Matter of Yehuda David Taller, a suspended attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Yehuda David Taller, respondent. (Attorney Registration No. 2824118)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The Grievance Committee commenced this disciplinary proceeding pursuant to 22 NYCRR 1240.8 against the respondent by the service and filing of a notice of petition dated November 19, 2020, and a verified petition dated November 18, 2020. The respondent served and filed a verified answer dated November 19, 2020. By decision and order on application dated August 27, 2021, the matter was referred to David I. Ferber, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 25, 1997. By opinion and order of this Court dated June 21, 2017, the respondent was suspended from the practice of law for a period of one year, commencing July 21, 2017, in a separate disciplinary proceeding (Matter of Taller, 152 AD3d 84).

Diana Maxfield Kearse, Brooklyn, NY (Susan Korenberg of counsel), for petitioner.
Foley Griffin, LLP, Garden City, NY (Chris McDonough and Brian J. Griffin of counsel), for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a notice of petition dated November 19, 2020, and a verified petition dated November 18, 2020, containing one charge of professional misconduct. The respondent served and filed a verified answer dated November 19, 2020, in which he admitted the factual allegations but denied the legal conclusions. The Grievance [*2]Committee served and filed a statement of disputed and undisputed facts dated July 27, 2021, and the respondent served and filed a response dated August 9, 2021. By decision and order on application dated August 27, 2021, the matter was referred to David I. Ferber, as Special Referee, to hear and report. After a preliminary conference held on October 21, 2021, and a disciplinary hearing conducted on November 29, 2021, the Special Referee sustained the sole charge in a report dated December 30, 2021. The Grievance Committee now moves to confirm the Special Referee's report, and to impose such discipline as this Court deems just and proper. The respondent's counsel argues that the appropriate sanction is a public censure. In the alternative, counsel argues that a suspended sentence or a suspension of no more than one year with credit for the time the respondent has been suspended is the appropriate sanction.
The Petition
Charge one alleges that the respondent has engaged in conduct prejudicial to the administration of justice by violating the order suspending him from the practice of law, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
By opinion and order dated June 21, 2017, this Court suspended the respondent from the practice of law for one year, commencing July 21, 2017. The Court's opinion and order stated that, until further order of this Court, the respondent shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.
The Court's opinion and order also stated that the respondent shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15; hereinafter the Court Rules).
On or about June 27, 2017 the Grievance Committee served the suspension order, with a copy of the Court Rules (see id.), on the respondent's then ethics counsel, Pery D. Krinsky, by first class mail.
Prior to his suspension, the respondent practiced law, together with Regis A. Gallet, under the firm name TallerGallet, LLC.
After the respondent was suspended, Gallet then formed Regis A. Gallet, LLC (hereinafter Gallet, LLC), for the practice of law at the same address as TallerGallet, LLC.
The respondent's conduct after his suspension was as follows.
On August 12, 2017, less than a month after his suspension, the respondent changed his business address on his attorney registration filed with the Office of Court Administration from TallerGallet, LLC, to "Law Offices of Regis A. Gallet, LLC." The respondent's business telephone number and email address remained the same as before his suspension.
The respondent failed to dissolve TallerGallet, LLC. He also failed to close the escrow and operating accounts of TallerGallet, LLC, for which he was the sole signatory.
The respondent failed to properly notify his clients of his suspension and his inability to practice law as required under 22 NYCRR 1240.15(b).
The respondent was required to file an affidavit of compliance with this Court within 45 days of service of the suspension order (see id. 1240.15[f]). The respondent failed to file the affidavit of compliance until in or about March 2019, almost two years after his suspension.
Between July 25, 2017, and August 7, 2017, the respondent deposited two checks representing settlement funds into the TallerGallet, LLC, escrow account, and thereafter disbursed said funds by checks drawn on this account.
The respondent maintained and supported Gallet, LLC, by (1) leasing the office space; (2) paying the salaries and health insurance of the employees of Gallet, LLC; (3) maintaining the accounts of Gallet, LLC, with FedEx and other office suppliers; and (4) loaning Gallet, LLC, approximately $120,000 of his own funds to keep it running.
The respondent worked as a paralegal for Gallet, LLC, as well as for other law firms, through a company known as Supreme Advocate Support Services (hereinafter SASS), which was set up with the respondent's wife as the owner and was initially financed by the respondent. At Gallet, LLC, the respondent worked as a paralegal on some of his own cases from TallerGallet, LLC.
Findings and Conclusion
In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained the sole charge. Accordingly, the Grievance Committee's motion to confirm the findings of the Special Referee is granted.
In preparation for and during the course of his suspension, the respondent engaged in a number of activities which violated the Court Rules, including failing to dissolve TallerGallet, LLC, failing to close the escrow and operating accounts of TallerGallet, LLC, for which he was the sole signatory, depositing and disbursing funds from these accounts while under suspension, and failing to timely file an affidavit of compliance within 45 days of service of the order of suspension as required under 22 NYCRR 1240.15(f) of the Court Rules. Although the respondent testified at the hearing that he personally met with his clients and informed them about his suspension, he failed to comply with 22 NYCRR 1240.15(b), which required him, within 10 days of the date of entry of the order of suspension, to, inter alia,
"notify, by certified mail and, where practical, electronic mail, each client of the respondent, the attorney for each party in any pending matter, the court in any pending matter, and the Office of Court Administration for each action where a retainer statement has been filed pursuant to court rules. The notice shall state that the respondent is unable to act as counsel due to disbarment or suspension. A notice to a respondent's client shall advise the client to obtain new counsel."
The respondent thereby engaged in conduct prejudicial to the administration of justice by violating the order suspending him from the practice of law.
The respondent claims that he did not read the Court's order of suspension carefully, and attributes his misconduct to the erroneous advice he received from his former ethics counsel. The respondent, an experienced attorney, had an independent duty to carefully read the Court's order of suspension, the Court Rules, and the Rules of Professional Conduct. Had he done so, he would have been apprised of his duties during the period of suspension and what conduct was prohibited.
In mitigation, we have considered, inter alia, the respondent's acceptance of responsibility and expressed remorse, the remedial measures instituted, character evidence, and community service. We have also considered as an aggravating factor the respondent's disciplinary history, which consists of his ongoing suspension by opinion and order of this Court dated June 21, 2017, which found that the respondent misappropriated client funds and failed to maintain the required bank and bookkeeping records in violation of rules 1.15(a) and (d), respectively, of the Rules of Professional Conduct (see Matter of Taller, 152 AD3d 84). We have also considered his two Letters of Caution, from 2003 and 2009, though they are remote in time.
Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of three years, nunc pro tunc to November 29, 2021, the date of his disciplinary hearing in this matter.
DILLON, J.P., DUFFY, BARROS, CONNOLLY and IANNACCI, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Yehuda David Taller, a suspended attorney, is suspended from the practice of law for a period of three years, nunc pro tunc to November 29, 2021, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than May 29, 2024. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Yehuda David Taller, shall continue to comply with this Court's rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Yehuda David Taller, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Yehuda David Taller, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Acting Clerk of the Court