Matter of Nwele (2024 NY Slip Op 04072)

Matter of Nwele

2024 NY Slip Op 04072

Decided on July 31, 2024

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

2020-07397 

[*1]In the Matter of Kenneth F. Nwele, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Kenneth F. Nwele, respondent. (Attorney Registration No. 3893617)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on September 18, 2000.

Catherine A. Sheridan, Acting Chief Counsel, Brooklyn, NY (Susan Korenberg of counsel), for petitioner.
Emery Celli Brinckerhoff Abady Ward & Maazel, LLP, New York, NY (Hal R. Lieberman of counsel), for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a notice of petition and a verified petition, both dated April 15, 2021, containing three charges of professional misconduct. The respondent served and filed an answer dated June 9, 2022, admitting to the factual allegations in the verified petition. By decision and order on application dated October 13, 2022, this Court referred the matter to the Honorable David B. Vaughan, as Special Referee, to hear and report. The disciplinary hearing was held on March 8, 2023. By report dated June 20, 2023, the Special Referee sustained all three charges in the petition. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline up the respondent as this Court deems just and proper. The respondent, through counsel, submits an affirmation in which he does not dispute the Special Referee's report, and requests that the discipline imposed be limited to the most lenient sanction.
The Petition
Charge one alleges that the respondent misappropriated escrow funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
The respondent maintained an attorney escrow account at JPMorgan Chase, with an account number ending in 7336, entitled "NWELE AND ASSOCIATES, LLC IOLA A/C" (hereinafter the escrow account), in which he maintained client funds.
Abramovic Matter
In or about 2018, the respondent represented Ilona Abramovic, the driver, in a [*2]personal injury case arising out of an automobile accident. At the same time, Felix Kozak represented Ilona Abramovic's sister, Lolita Abramovic, who was a passenger in the car that Ilona Abramovic was driving.
The respondent and Kozak, who maintained separate law offices in the same office space in Brooklyn, shared nonlawyer support staff, including an accountant.
On or about November 6, 2018, Geico Insurance issued a settlement check in the sum of $4,000 in Ilona Abramovic's case, payable to the "Law Office of Felix Kozak PC as attorney and Ilona Abramovic." Although Ilona Abramovic was the client of the respondent, not Kozak, the settlement check was deposited into Kozak's escrow account on November 9, 2018. On or about November 24, 2018, the respondent issued two checks from his escrow account, totaling $4,000, in connection with Ilona Abramovic's case: (1) a check in the sum of $2,167, payable to Ilona Abramovic, for her share of the settlement proceeds; and (2) a check in the sum of $1,833, payable to the respondent, for his legal fees and expenses.
As the settlement funds for Ilona Abramovic were not on deposit in the respondent's escrow account, the checks cleared against other client funds in the account.
White Matter
Kozak represented Kenneth White in a personal injury case. On or about November 28, 2018, a settlement check in the sum of $20,000, issued to Kozak in connection with the White matter, was deposited into Kozak's escrow account. The $20,000 deposit was subsequently entered in the ledger for the respondent's escrow account, rather than the ledger for Kozak's escrow account.
On or about December 7, 2018, the respondent issued three checks from his escrow account, totaling $19,998, in connection with the White matter: (1) a check in the sum of $8,122 payable to White (who was Kozak's client) for White's share of the settlement proceeds; (2) a check in the sum of $3,560 payable to Oasis, a legal financing company; and (3) a check in the sum of $8,316 payable to the respondent for his legal fees and expenses. As the White settlement funds were not on deposit in the respondent's escrow account, the checks cleared against other client funds in the account.
Charge two alleges that the respondent failed to properly identify his escrow account, in violation of rules 1.15(b)(2) and 8.4(a) of the Rules of Professional Conduct, as follows:
Pursuant to rule 1.15(b)(2) of the Rules of Professional Conduct, attorneys are required to identify an escrow/IOLA account as either an "Attorney Special Account," "Attorney Trust Account," or "Attorney Escrow Account," notwithstanding any additional designation which identifies such account as an IOLA account. The rule also requires that the checks for such an account bear the same title.
From at least June 2018 through at least January 2020, the respondent's escrow account was entitled "NWELE AND ASSOCIATES, LLC IOLA A/C." During the same period, the checks associated with the respondent's escrow account were labeled "NWELE AND ASSOCIATES LLC IOLTA ACCOUNT."
Charge three alleges that the respondent practiced under a misleading firm name, in violation of rule 7.5(b) of the Rules of Professional Conduct, as follows:
From in or about 2011 to in or about May 2020, the respondent practiced under the firm name "Nwele and Associates, LLC." During that time, the respondent was a solo practitioner with no associates in his employ.
At the hearing, the respondent testified that prior to attending law school, he obtained
an MBA from Saint John's University in 1989. He also has a CPA license in New York and a Charter Global Management Accountant license issued by the American Institute of Certified Public Accountants. Before and after his admission to the Bar in 2000, the respondent held non-legal jobs in the banking industry, working as a staff auditor at J.P. Morgan from 1994 to 2005, as a treasury financial manager at Merrill Lynch from 2005 until 2007, and then as "controller" of the finance division of Prudential Financial from 2007 to 2011. Afterwards, the respondent worked as an auditor for CIT Group, and he is currently a senior risk manager for Bank of America. The respondent maintains a solo law practice as a side job. The record also reflects that the respondent previously received a personally-delivered admonition in April 2006, for, inter alia, failing to adequately supervise non-lawyers in his office; failing to maintain requisite bookkeeping records for his escrow account; and practicing under a name that falsely suggests that he was associated with other attorneys.
The Special Referee, in sustaining all three charges, found that the respondent [*3]admitted to the factual allegations as set forth in the verified petition, that he expressed remorse for his actions and fully cooperated with the Grievance Committee, that there was no venal intent, and that he instituted remedial measures.
The Grievance Committee now moves for an order confirming the findings in the Special Referee's report and to impose such discipline upon him as this Court deems appropriate. In response, the respondent requests that the Court issue the most lenient sanction in view of the mitigation presented, which in addition to the foregoing, includes, inter alia, the respondent's remedial efforts to ensure that his escrow account and associated checks as well as his firm name are now properly titled to comply with the Rules of Professional Conduct, and evidence of his good character, pro bono activities, and community service.
Findings and Conclusion
In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained all charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
Under the totality of the circumstances, weighing the mitigation submitted, the respondent's financial experience, and the prior discipline for the same misconduct, we find that the respondent's conduct warrants his suspension from the practice of law for a period of one year (see Matter of Inwald, 209 AD3d 116; Matter of Taller, 152 AD3d 84).
LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Kenneth F. Nwele, is suspended from the practice of law for a period of one year, commencing August 30, 2024, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than May 30, 2025. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that, during the period of suspension, he (1) refrained from practicing or attempting to practice law; (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a); and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Kenneth F. Nwele, shall comply with this Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Kenneth F. Nwele, shall desist and refrain from (l) practicing law in any form, either as principal or agent, clerk, or employee of another; (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority; (3) giving to another an opinion as to the law or its application or any advice in relation thereto; and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Kenneth F. Nwele, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court