Matter of Dave (2022 NY Slip Op 02408)

Matter of Dave

2022 NY Slip Op 02408

Decided on April 13, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
LINDA CHRISTOPHER, JJ.

2019-10301

[*1]In the Matter of Rita Dave, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Rita Dave, respondent. (Attorney Registration No. 2488831)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The Grievance Committee commenced a disciplinary proceeding pursuant to 22 NYCRR 1240.8 against the respondent by serving and filing a notice of petition and a verified petition, both dated August 23, 2019, and the respondent served and filed a verified answer dated September 11, 2019. Subsequently, on July 29, 2020, the Grievance Committee filed a statement of disputed and undisputed facts, to which the respondent filed a response dated September 22, 2020. By decision and order on application of this Court dated October 15, 2020, the matter was referred to Norma Giffords, as Special Referee, to hear and report on the underlying issues, as well as any evidence in mitigation and/or aggravation. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 10, 1992.

Catherine A. Sheridan, Hauppauge, NY (Michael Fuchs of counsel), for petitioner.
Scalise & Hamilton, P.C., Scarsdale, NY (Deborah A. Scalise of counsel), for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated August 23, 2019, containing four charges of professional misconduct. After a hearing on February 4 and February 10, 2021, the Special Referee submitted a report dated May 5, 2021, in which she sustained all the charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. In response, the respondent does not oppose the findings of the Special Referee that sustained the charges, and requests that the Court, in view of the mitigating circumstances presented, impose no more than a public censure.
The Petition
Charges one and two allege that the respondent misappropriated funds entrusted to her as a fiduciary incident to her practice of law (charge one) and commingled funds entrusted to her as a fiduciary with personal funds (charge two), in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), based upon the following factual specifications:
At all relevant times herein, the respondent maintained an attorney escrow account at Wells Fargo Bank entitled "Rita Dave P.C. NY IOLA Attorney Special Account," account number ending 8396 (hereinafter the escrow account), which she used incident to her practice of law.
Between November 2016 and August 2018, the balance in the escrow account fell [*2]below what the respondent was required to maintain on deposit for various client matters, as follows:
Funds Required Escrow Escrow
 Date to Be on Deposit Account BalanceAccount Deficit
11/30/16 $110,325.66 $107,687.94 $2,637.72
12/31/16 $93,325.66 $85,637.72 $7,687.94
1/31/17 $83,060.66 $61,432.96 $21,627.70
2/28/17 $83,646.66 $57,768.96 $25,877.70
3/31/17 $110,994.77 $85,117.07 $25,877.70
4/30/17 $50,459.76 $25,582.06 $24,877.70
5/31/17 $54,994.76 $5,962.14 $49,032.62
6/30/17 $49,582.76 $35,550.14 [*3]$14,032.62
7/31/17 $24,703.76 $10,641.14 $14,062.62
8/31/17 $91,060.47 $73,468.84 $17,591.63
9/30/17 $89,935.47 $72,243.84 $17,691.63
10/31/17 $20,935.47 $3,243.84 $17,691.63
11/30/17 $35,935.47 $18,243.84 $17,691.63
1/31/18 $20,935.47 $3,243.84 $17,691.63
5/31/18 $38,185.47 $20,493.84 $17,691.63
6/30/18 $38,185.47 $10,458.84 $27,726.63
8/30/18 $38,185.47 $0 $38,185.47
The respondent further disbursed funds from the escrow account without correlating funds on deposit and deposited legal fees into the escrow account, as follows:
During November 2016, the respondent disbursed a total of $218,681.36 in funds from the escrow account in connection with the Geniti matter, despite having only $210,993.42 on deposit for that matter, resulting in an overdisbursement of $7,687.94.
On January 3, 2017, the respondent disbursed $13,439.76 from the escrow account in connection with the Geniti matter, without correlating funds on deposit.
During May 2017, the respondent disbursed funds totaling $24,119.92 from the escrow account in connection with the Singh matter, without correlating funds on deposit.
On January 30, 2017, the respondent deposited legal fees into the escrow account in the amounts of $3,000 and $1,500 in connection with the Aristede Burducea and Lorraine House client matters, respectively.
On February 3, 2017, the respondent deposited $2,250 in legal fees into the escrow account in connection with the Astrabaio matter.
On June 1, 2017, the respondent deposited $5,000 in legal fees into the escrow account in connection with the Johnson matter.
Charge three alleges that, in addition to the factual specifications set forth in charge one, the respondent failed to "make or maintain" required bookkeeping records for the escrow account in that she failed to maintain records of all deposits and withdrawals from the escrow account, showing the date, source, and description of each item deposited, and the date, payee, and purpose of each withdrawal or disbursement, and further failed to maintain a contemporaneous ledger book or similar record for the escrow account, showing the source of all funds deposited into it, the names of all persons for whom the funds were held, and the description and amounts of all persons to whom these funds were dispersed, in violation of rule 1.15(d) of the Rules of Professional Conduct.
Charge four alleges that, by virtue of the factual specifications set forth in charges one through three, the respondent engaged in conduct that adversely reflects on her fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct.
Findings and Conclusion
In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained all the charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.
In determining the appropriate sanction, the respondent requests that the Court limit discipline to a public censure in view of the evidence of mitigation presented, including, inter alia, the respondent's remorse, her lack of venality, her cooperation with the Grievance Committee's investigation, remedial measures she has implemented, health issues she experienced during or near the relevant time period, and evidence of her pro bono civic activity. Notwithstanding the evidence of mitigation advanced, we find that the respondent did not adhere to her fiduciary duties by failing to maintain sufficient balances in the escrow account, commingling personal funds with funds entrusted to her as a fiduciary, and failing to keep proper bookkeeping records. Although a reasonably prudent fiduciary regularly reconciles their escrow account, the respondent failed to do so, resulting in the escrow account deficiency remaining undetected for an extended period of time. Indeed, between November 2016 and August 2018, the balance in the escrow account fell below what the respondent was required to maintain on deposit for multiple client matters, and such deficiencies occurred, in part, at a time during the Grievance Committee's investigation. Moreover, the Court considers the respondent's prior disciplinary history, reflecting the issuance of an Admonition in 2014 for the same misconduct, an aggravating factor.
Under the totality of the circumstances, we conclude that the respondent's conduct warrants her suspension from the practice of law for a period of one year (see Matter of Taller, 152 AD3d 84).
LASALLE, P.J., DILLON, DUFFY, BARROS and CHRISTOPHER, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Rita Dave, is suspended from the practice of law for a period of one year, commencing May 13, 2022, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than February 13, 2023. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension she: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted herself; and it is further,
ORDERED that the respondent, Rita Dave, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Rita Dave, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Rita Dave, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court