Matter of Salowski (2024 NY Slip Op 04395)

Matter of Salowski

2024 NY Slip Op 04395

Decided on September 11, 2024

Appellate Division, Second Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.

2019-03611

[*1]In the Matter of Annemarie Salowski, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Annemarie Salowski, respondent. (Attorney Registration No. 2528784)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Ninth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 19, 1993.

Courtny Osterling, White Plains, NY (Thomas Graham Amon of counsel), for petitioner.
Richard E. Grayson, White Plains, NY, for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Ninth Judicial District commenced a formal disciplinary proceeding against the respondent by serving and filing a notice of petition and a verified petition, both dated March 18, 2021. The respondent, through counsel, served and filed a verified answer dated May 7, 2021, admitting to the factual specifications contained in the verified petition, but denying the conclusions of law contained therein. Subsequently, the Grievance Committee and the respondent served and filed a joint statement of disputed and undisputed facts dated September 24, 2021. By decision and order on application dated July 28, 2022, this Court referred the matter to Norma Giffords, as Special Referee, to hear and report. A prehearing conference was held on November 7, 2022, and a hearing was conducted on January 18, 2023. In a report dated April 11, 2023, the Special Referee sustained all ten charges in the verified petition. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as this Court deems just and proper. The respondent submits an affirmation dated June 28, 2023, requesting that the Court disaffirm the findings of the Special Referee and dismiss all charges in the petition, or in the alternative, impose a public censure. In view of the evidence adduced at the hearing, we find that the Special Referee properly sustained petition charges one, and three through ten, and those charges are sustained. However, we find that the Special Referee improperly sustained charge two, and that charge is not sustained.
The Petition
Charge one alleges that the respondent misappropriated client funds, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0). Beginning on or about January 1, 2013, and at all times continuously thereafter through on or after December 20, 2018, the respondent maintained an IOLA attorney escrow account at Citibank with an account number ending [*2]in 0909 (hereinafter the escrow account). On March 2, 2017, the respondent deposited the sum of $46,700 into the escrow account for the Brookstone matter. On March 7, 2017, the respondent conducted a title closing in this matter, and disbursed $18,600 more than she had on deposit in the escrow account. The over-disbursement was made to Brookstone Financial, by escrow account check number 1342. On February 26, 2018, the respondent restored the funds to the escrow account by depositing a refund check in the sum of $18,600 from Brookstone Financial. As a result of this over-disbursement, other client and/or third-party funds on deposit in the escrow account were misappropriated between on or about March 7, 2017, and on or about February 26, 2018.
Charge three alleges that the respondent misappropriated client funds, in violation of rule 1.15(a) of the Rules of Professional Conduct. On September 5, 2017, the respondent deposited the sum of $65,000 into her escrow account for the Ordan matter. At the closing for this matter, the respondent disbursed $65,300, thereby drawing upon other client or third-party funds in the escrow account, in the amount of $300. Although the respondent received repayment on October 30, 2017, in the amount of $300 from the party in receipt of the over-disbursement, the respondent's records do not reflect that these funds were deposited into her escrow account.
Charge four alleges that the respondent failed to promptly pay or deliver to a client or third party, as requested by the client or third party, the funds in the respondent's possession that the client or third party was entitled to receive, in violation of rule 1.15(c)(4) of the Rules of Professional Conduct. On or about January 15, 2016, the respondent deposited the sum of $20,000 into her escrow account for the Simpson matter. At the closing on April 4, 2016, the respondent failed to disburse $641.43 of the $20,000. Almost a year and a half after the closing, on September 5, 2017, the respondent issued an escrow check in the sum of $640.93 to the relevant party. More than four and a half years after the closing, on or about October 10, 2020, she issued an escrow check for the remaining sum of $0.50 to the relevant party.
Charge five alleges that the respondent misappropriated client funds, in violation of rule 1.15(a) of the Rules of Professional Conduct. Between on or about April 4, 2016, and on or about September 5, 2017, the respondent was required to maintain a balance of at least $641.43 in her escrow account for the Simpson matter. However, her bank records reveal that, as of August 5, 2016, the respondent's escrow account held no funds related to the Simpson matter, and there is no indication that any other deposits were made for this matter.
Charge six alleges that the respondent failed to act with reasonable diligence in representing her clients in two matters, the Estate of Mauro (hereinafter the Mauro Estate) and the Sitruk matter, in violation of rule 1.3(a) of the Rules of Professional Conduct. On or about November 17, 2016, the respondent deposited the sum of $62,000 in the escrow account in relation to the Sitruk matter. On December 7, 2016, the respondent deposited at least $45,427.49 from the Mauro Estate into her operating account. In April 2017, the respondent issued check number 1352 in the sum of $33,742 from her escrow account to the Sitruks, which was dishonored on April 24, 2017. The respondent did not discover the Mauro Estate deposit error for more than four months, until she learned that check number 1352 had been dishonored. The respondent then transferred the sum of $45,427.49 related to the Mauro Estate funds from her operating account to her escrow account.
Charge seven alleges that the respondent commingled her personal funds with her escrow funds, in violation of rule 1.15(a) of the Rules of Professional Conduct. After the respondent returned the Mauro Estate funds to her escrow account, she made two disbursements in connection with this matter in August 2017. A balance of $1,499.89 remained in the escrow account from the Mauro Estate funds, the entirety of which represented the respondent's legal fee. However, the respondent's records contain no indication that the fee was disbursed from the escrow account at any time prior to December 20, 2018.
Charge eight alleges that the respondent failed to promptly pay or deliver to a client or third party, as requested by the client or third party, the funds in the respondent's possession that the client or third party was entitled to receive, in violation of rule 1.15(c)(4) of the Rules of Professional Conduct. Prior to January 2013, the respondent was employed by the law firm of Roesch & Roesch (hereinafter the Roesch firm). Before leaving the Roesch firm, the respondent used her escrow account, rather than the firm's account, to handle funds received and disbursed in the course of the Kelsall real estate closing. When this closing was complete, approximately $1,052.68 remained on deposit in the respondent's escrow account, which funds were comprised of both earned legal fees and reimbursements for costs and expenses, then due and owing to the Roesch [*3]firm. In January 2013, the respondent left the Roesch firm and started her own law practice. However, the respondent failed to return the $1,052.68 to the Roesch firm until on or after December 20, 2018.
Charge nine alleges that the respondent failed to properly identify her escrow account, in violation of rule 1.15(b)(2) of the Rules of Professional Conduct. In or about January 2013, when the respondent opened her own legal practice, and continuing thereafter until on or after December 20, 2018, the title on the respondent's checks and deposit slips in relation to her escrow account failed to indicate that the account was an "attorney escrow," "attorney trust," or "attorney special" account.
Charge ten alleges that, based on the factual specifications of all of the foregoing charges, the respondent engaged in conduct that adversely reflects on her fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct.
The Hearing
The respondent testified that her misconduct occurred during a time of personal hardship, beginning with the flooding of her house due to Superstorm Sandy, her necessary relocation to a crowded family living arrangement, and her ensuing housing complications, followed by losing her employment at her family's law firm and accounting firm, and finding herself unexpectedly needing to establish her solo practice. The respondent was also the primary caretaker for her father during his months-long cancer battle, which ended with his passing away in March 2017. Beginning in 2013, she also took care of her brother-in-law during his decline from early-onset Alzheimer's until his death in 2021. The respondent further testified that between 2017 and 2020, she lost three additional close family members to breast cancer, a drug overdose, and an illness related to the attacks on the World Trade Center on September 11, 2001. Due to these events, the respondent testified that she experienced "spiraling anxiety" and depression, which affected her legal practice, and for which she sought treatment.
The respondent admitted that her failure to reconcile her escrow account led to several of her acts of misconduct, and explained that, notwithstanding her training as a Certified Public Accountant (hereinafter CPA), she did not keep up with her monthly bookkeeping, and did not discover or rectify several of her errors until the Grievance Committee's investigation.
The respondent also testified that she has since changed her priorities and taken remedial measures, including limiting her workload and setting up a new system of organization and review for her firm's bookkeeping.
The Grievance Committee moves to confirm the report of the Special Referee and to impose such discipline as this Court deems just and proper. The Grievance Committee reports that the respondent has a disciplinary history consisting of an Admonition in 2023 for neglecting a client's legal matter and failing to maintain communication with a client, a Letter of Advisement in 2016, and a Letter of Caution in 2014.
The respondent requests that the Court disaffirm the findings of the Special Referee and dismiss all charges against her, or if charges should be sustained against her, that the Court impose a public censure.
Findings and Conclusion
In view of the evidence adduced at the hearing, we find that the Special Referee properly sustained charges one, and three through ten. However, we find that the Special Referee improperly sustained charge two. Accordingly, that branch of the Grievance Committee's motion which seeks to confirm so much of the report of the Special Referee as sustained charges one, and three through ten, is granted and those charges are sustained. That branch of the Grievance Committee's motion which seeks to confirm so much of the report of the Special Referee as sustained charge two is denied, and that charge is not sustained.
In determining an appropriate measure of discipline, in addition to the challenging life circumstances and remedial measures described by the respondent, we have considered in mitigation the character evidence submitted.
However, in aggravation, we have considered, inter alia, that the respondent over-disbursed more than $18,000, which cleared against other client funds, and she did not discover her error for almost a year; the respondent's mistaken deposit of more than $45,000 in client funds into her operating account in December 2016, which she did not discover until April 2017; the respondent's failure to provide a client with funds from an April 2016 closing until September 2017; and the respondent's failure to provide her former law firm with funds owed to it in 2013, until 2018. [*4]We are likewise troubled by the respondent's failure as a fiduciary to regularly reconcile her escrow account, especially given her training as a CPA. Taken together, these circumstances illustrate a concerning disregard for the respondent's fiduciary duties, which indicates a failure to prioritize the financial and legal well-being of her clients.
Under the totality of the circumstances, we find that the respondent's conduct warrants her suspension from the practice of law for a period of one year (see Matter of Dave, 205 AD3d 70).
DILLON, J.P., DUFFY, BARROS, CONNOLLY and WOOTEN, JJ., concur
ORDERED that the branch of the Grievance Committee's motion which is to confirm so much of the Special Referee's report as sustained charges one, and three through ten is granted, and those charges are sustained, and that branch of the Grievance Committee's motion which is to confirm so much of the Special Referee's report as sustained charge two is denied, and that charge is not sustained; and it is further,
ORDERED that the respondent, Annemarie Salowski, is suspended from the practice of law for a period of one year, commencing October 11, 2024, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than July 11, 2025. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension, she (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted herself; and it is further,
ORDERED that the respondent, Annemarie Salowski, shall comply with this Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Annemarie Salowski, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Annemarie Salowski, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court