Matter of Plasse (2025 NY Slip Op 04907)

Matter of Plasse

2025 NY Slip Op 04907

Decided on September 10, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
LINDA CHRISTOPHER, JJ.

2022-06115

[*1]In the Matter of Andrew F. Plasse, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Andrew F. Plasse, respondent. (Attorney Registration No. 1781046)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Fourth Judicial Department on February 16, 1982.

David W. Chandler, Brooklyn, NY (Susan Korenberg of counsel), for petitioner.
Michael S. Ross, New York, NY (Eugene Gormakh of counsel), for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts commenced a formal disciplinary proceeding pursuant to 22 NYCRR 1240.8 against the respondent by serving and filing a notice of petition and a verified petition, both dated July 14, 2022. The petition contains four charges of professional misconduct. The respondent served and filed an answer dated August 29, 2022. By decision and order on application dated October 19, 2023, this Court, pursuant to 22 NYCRR 1240.8(b)(1), referred the matter to the Honorable David B. Vaughan, as Special Referee, to hear and report. In a report dated July 22, 2024, the Special Referee sustained the four charges in the petition. By notice of motion dated September 19, 2024, the Grievance Committee moves to confirm the Special Referee's report and to impose such discipline upon the respondent as this Court deems just and proper. In response, the respondent submits an affirmation in which he does not oppose the Special Referee's findings but offers arguments in mitigation and requests that the discipline imposed be limited to a six-month suspension.
The Petition
The petition alleges four charges of professional misconduct surrounding the respondent's escrow account. The respondent maintained an attorney escrow account at Capital One Bank entitled "Andrew F. Plasse, IOLA Attorney Trust Account" with an account number ending in x-0369 (hereinafter the escrow account).
Charge one alleges that between February 1, 2018, and March 25, 2019, the respondent deposited settlement checks into the escrow account, totaling $305,100.77, on behalf of 14 clients. Between September 4, 2018, and May 23, 2019, the respondent made disbursements on [*2]behalf of these client matters and the escrow account balance repeatedly fell below what he was required to maintain.
On December 11, 2018, the respondent was required to be holding at least $11,621.60 in the escrow account. However, on that day, the balance in the escrow account had been depleted to $8,689.16, creating a $2,932.44 deficiency.
On January 15, 2019, the respondent was required to be holding at least $25,037.47 in the escrow account. However, on that day, the balance in the escrow account had been depleted to $21,782.54, creating a $3,254.93 deficiency.
On February 8, 2019, the respondent was required to be holding at least $15,656.43 in the escrow account. However, on that day, the balance in the escrow account had been depleted to $6,251.50, creating a $9,404.93 deficiency.
On March 1, 2019, the respondent was required to be holding at least $24,378.51 in the escrow account. However, on that day, the balance in the escrow account had been depleted to $7,945.13, creating a $16,433.38 deficiency.
On April 23, 2019, the respondent was required to be holding at least $72,980.40 in the escrow account. However, on that day, the balance in the escrow account had been depleted to $63,113.26, creating a $9,867.14 deficiency.
On May 23, 2019, the respondent was required to be holding at least $6,710.23 in the escrow account. However, on that day, the balance in the escrow account had been depleted to $26.32, creating a $6,683.91 deficiency.
Based on the above, the respondent was charged with engaging in a pattern and practice of misappropriating client funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0).
Charge two alleges that on March 4, 2019, the respondent deposited a check into the escrow account in the amount of $20,241.39, representing an earned legal fee on behalf of the respondent's client, Joseph Haggerty. On March 8, 2019, the respondent deposited a check into the escrow account in the amount of $33,264.92, representing an earned legal fee on behalf of the respondent's client, Odell Barksdale. Both checks were deposited into the escrow account while the respondent maintained client funds on deposit. Based on the foregoing, the respondent was charged with commingling personal funds with client funds in the escrow account in violation of rule 1.15(a) of the Rules of Professional Conduct.
Charge three alleges that between December 14, 2018, and May 20, 2019, the respondent routinely failed to promptly withdraw earned legal fees from the escrow account, while he maintained client funds on deposit in the escrow account. Based on the foregoing, the respondent was charged with commingling personal funds with client funds in the escrow account in violation of rule 1.15(a) of the Rules of Professional Conduct.
Charge four alleges that the respondent failed to maintain an accurate ledger or similar record for the escrow account showing the source of all funds deposited therein, the names of all persons for whom the funds were held, the amount of such funds, the description and amounts, and the names of all persons to whom such funds were disbursed. Based on the foregoing, the respondent was charged with failing to maintain the required bookkeeping records for the escrow account in violation of rule 1.15(d) of the Rules of Professional Conduct.
The Hearing Record
A hearing was held on March 12, 2024. The Grievance Committee rested on eight exhibits entered into evidence without objection to prove its case in chief. The respondent admitted to all of the charges in the petition, testified on his own behalf in mitigation, and did not call any witnesses. The respondent submitted 32 exhibits, which included 13 character letters in support of his good character and reputation.
The respondent testified that he opened his own practice in 1993 in Manhattan where he handled workers' compensation litigation, prisoner litigation, and personal injury cases. The respondent's office moved to a few different locations in Manhattan and eventually to Flushing in 2015. By this point, the respondent mostly was handling cases involving incarcerated individuals at Rikers Island, as well as incarcerated individuals in state prisons. Although the respondent does not contest the allegations in the petition, he offered a number of exhibits in explanation and in mitigation as to each of the charges.
The respondent explained that while he believes there is a minor discrepancy in the petition regarding the total amount of settlement checks in the account, he does not deny the charge of misappropriation. The respondent testified that he had written checks amounting to more than he was holding on deposit in the escrow account, resulting in deficiencies ranging from approximately $3,000 to $16,000 over a six-month period from December 2018 to May 2019.
The respondent explained that in May 2019, he moved his residence, and that during the move he lost his physical ledger books and his office computer was broken. The respondent stated that he had kept a running ledger through QuickBooks on his computer since 2005. Once the respondent realized that his handwritten escrow ledger and computer ledger were destroyed during his move in May 2019, he started a new ledger by creating Microsoft Word documents for each client using his Capital One banking application to advise him how much was available in the escrow account. However, with his files destroyed, he could not determine exactly how much money belonged to each client, so he recreated his ledgers from memory for each client to the best of his ability. These recreated ledgers are what he provided during the Grievance Committee's investigation. The respondent acknowledged that there may be some errors in his recreated ledgers but stated that it was "not [his] style, it has never been to take money from [his] clients."
The respondent stated that he knew that the escrow account was short "a few thousand, I am not exactly sure," that he was attempting to figure it out, and that he was doing the best he could. The respondent was not sure how the deficiencies occurred and acknowledged that any discrepancies were due to bookkeeping errors on his part.
The respondent stated that he now understands the rule regarding earned legal fees in the escrow account, but asserted that, regarding the two checks he deposited into the escrow account referenced in charge two, he was unsure whether he would be obligated to satisfy his clients' liens from his legal fees and, therefore, he kept the money in the escrow account until the liens were resolved. The respondent stated that he understood that leaving legal fees in the escrow account for 60 days may not be considered prompt, and he apologized for his misinterpretation of the rule. The respondent stated that he now removes legal fees promptly in "quick increments" and no longer leaves earned legal fees in the escrow account.
Regarding the bookkeeping records, the respondent stated that he maintained handwritten individual client ledgers with each client having a separate page in his ledger book. The respondent stated he kept these records for almost 20 years until he lost them when he moved in May 2019. However, the misappropriation of client funds charged in charge one predated the respondent's move and the loss of his ledgers.
In addition to the 13 character letters submitted, the respondent also submitted evidence of his pro bono work with incarcerated individuals, including a list of settlements for pro bono cases that he handled.
The Special Referee's Report
In a report dated July 22, 2024, the Special Referee sustained the four charges of professional misconduct in the petition, noting that, prior to the hearing, the respondent admitted to all of the charges contained in the petition. The Special Referee indicated that, in mitigation, the respondent stated: as to charge one, that his conduct was not venal or malicious; as to charge two, he had a good-faith belief that the payments were not earned legal fees as he believed they were subject to liens; as to charge three, since 2019, he has promptly paid all earned legal fees; and as to charge four, he lost all of his files when he moved.
Findings and Conclusion
In view of the evidence adduced at the hearing and the respondent's admissions, we find that the Special Referee properly sustained the four charges in the petition. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted. In determining an appropriate measure of discipline, the respondent requests that this Court limit the discipline imposed to a six-month suspension in view of the evidence offered in mitigation including, inter alia, his remorse, his lack of venality, the evidence of his positive character, his pro bono work, and the remedial measures he has undertaken. Notwithstanding the mitigation advanced, the respondent failed to honor his obligations as a fiduciary. Moreover, this Court considers the respondent's prior disciplinary history, the respondent's prior public censure for, among other things, failing to satisfy a judgment for approximately three years and failing to retain funds for a lien after acknowledging the lien (see Matter of Plasse, 17AD3d 33) , as well as the respondent's receipt of an Admonition in 2000 and a Letter of Advisement in 2020 for unrelated professional misconduct, which is an [*3]aggravating factor.
Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of one year (see Matter of Dave, 205 AD3d 70).
LASALLE, P.J., DILLON, DUFFY, BARROS and CHRISTOPHER, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Andrew F. Plasse, is suspended from the practice of law for a period of one year, commencing October 10, 2025, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than July 10, 2026. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension, he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Andrew F. Plasse, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Andrew F. Plasse, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Andrew F. Plasse, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court